**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VANESSA RIVERA, as an individual and on behalf of all employees similarly situated, | No.    15-56972 |
|  | D.C. No. 5:15-cv-00863-JGB-DTB |
| Plaintiff-Appellee, |  |
| v. | MEMORANDUM[*] |
| UHS OF DELAWARE, INC., DBA Universal Health Services of Delaware, Inc., |  |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted November 16, 2017[**]
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,[***] District Judge.

UHS of Delaware, Inc. appeals the district court's order finding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

unenforceable a provision in an arbitration agreement that waives representative claims under California's Private Attorney General Act ("PAGA"). Reviewing the order *de novo*, *see Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc) (citation omitted), we affirm.[1]

UHS argues that *DirecTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015), abrogated *Sakkab v. Luxottica Retail North America, Inc.*, 803 F.3d 425 (9th Cir. 2015), and *Iskanian v. CLS Transportation Los Angeles*, LLC, 59 Cal. 4th 348 (2014), and therefore the district court's reliance on *Sakkab* and *Iskanian* was erroneous. We disagree and conclude that *Imburgia* is not clearly irreconcilable with *Sakkab* or *Iskanian*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Imburgia* simply held that a California court failed to place arbitration contracts "on equal footing with all other contracts" when it interpreted a choice-of-law provision in an arbitration agreement. 136 S. Ct. at 468–71 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). *Sakkab* and *Iskanian*, in contrast, directly addressed the validity of PAGA waivers in arbitration agreements under state and federal law. *Sakkab*, 803 F.3d at 431–40; *Iskanian*, 59 Cal. 4th at 378–89. Therefore, neither case is undermined by *Imburgia*.

---

[1] Because we affirm, we deny Appellee Vanessa Rivera's motion for summary affirmance as moot.

**AFFIRMED.**